WILSON ET AL. *v.* KILLINGWORTH.

[No. 13,811.   Filed February 7, 1930.]

*Mor N. Oppman, Ray C. Hedman* and *George E. Hershman,* for appellants.

*Steward & Steward* and *Gavit, Hall, Smith & Gavit,* for appellee.

ENLOE, J.—Appellee brought this action against appellants Jacob Wilson and George G. Silverman to recover damage alleged to have been by him sustained by reason of the destruction by fire of certain property belonging to the appellee.

The complaint was in two paragraphs and was answered by a general denial. The cause was submitted to a jury for trial and resulted in a judgment against appellants in the sum of $1,454, from which judgment this appeal is prosecuted. The only alleged error presented on this appeal is the action of the court in overruling the motion for a new trial, the several specifications of which motion presented on this appeal will hereinafter be noticed.

In the complaint, it was alleged, *inter alia,* that the appellee was the owner of certain property in the city of Gary in which he resided, and that, on said property, in addition to his dwelling house, there was located a large barn, coal shed, wagon shed, fences, and other improvements; that the appellants were the owners of certain real estate which adjoined that of appellee on the north and on the east; that the appellants had permitted a large quantity of marsh hay, long reeds, stubble, long grass, weeds and bushes to accumulate and spread over and upon this said land; that, for more than one month prior to September 16, 1927, there had been a great drought, and the earth had become dry and parched, and the marsh hay, reeds, stubble, long grass, weeds and bushes had become and were very dry and combustible; that on and during said September 16, 1927, a strong and steady wind was blowing from and across appellants' said land towards the land owned by appellee; that, on said day and while the wind was so blowing, the appellants carelessly and negligently set fire to the aforementioned accumulation of marsh hay, reeds, stubble, grass, weeds and bushes so on their said lands in many places along the north boundary of their said lands, which said fires so set, they were unable to control, and, by reason thereof, said fire spread rapidly over said lands of appellants and created a great fire, which fire spread to the premises of appellee and there burned

his barn, harness, hay, grain in bin, robes and other property in said complaint specifically mentioned, and all without any fault or negligence on the part of the appellee, and he asked for damage in the sum of $5,000.

Appellants first urge that the verdict is not sustained by sufficient evidence, in that the evidence fails to establish the allegation that the appellants set out the said fires. In this contention, we cannot concur. Two witnesses testified that they saw appellant Wilson starting fires there on the property the day in question and shortly before the property of appellee was burned, and one of them testified that he said to appellant Wilson at that time, "Ain't you scared this fire will get away from you?" and that Wilson replied, "No, I guess not"; that the wind was blowing from the northeast and carrying the fire directly towards appellee's premises.

It is next urged that there is no evidence of negligence on the part of appellants. In this we cannot concur. The appellants were the owners of a subdivision of lots in the city of Gary, most of the said lots being vacant. These lots were covered with an accumulation of swamp hay, tall weeds and high grass; everything was dry; the strong wind was blowing from the northeast across the premises of appellants and directly towards the premises of appellee. Under these circumstances, and on this day, was it negligence for the appellants to set out this fire, scattering it along the north boundary of their premises? The jury by its verdict said these appellants were negligent in this matter, and this finding, upon the evidence, we approve. In fact, we do not see how the jury could reasonably have come to any other conclusion.

Appellants next say that there is no evidence that the burning of the barn and other property was the result

of any act of appellants. There is no merit in this contention. The testimony shows that the fire was started along the north line of the property of appellants, and that it traveled with the wind to the south and west until it reached the property of appellee, and there is testimony to the effect that, from the place or places where said fire was started, the grass, etc., was "burned clean"—ground entirely burned over —down to the property of appellee. The only reasonable inference to be drawn from the evidence in this case is that the fire set by appellants was carried by the wind and spread until it reached the premises of appellee, where it destroyed his said property.

Appellants next urge that the undisputed evidence was that the appellants were doing what they did, brushing and spreading fire, to protect their own property, and that, an emergency having arisen, this they had a right to do, and were not, therefore, responsible in damages to appellee for his loss. The rule contended for by appellants has no application to an *emergency* created by the negligent act of such party. The evidence of witnesses for appellee, taken as a whole, fairly shows that appellants, as partners, were the owners of the lands where the fire was started; that said lands were overgrown with grass, weeds, etc., all of which were dry and inflammable; that the appellants were trying to sell their vacant lots, and, it is, we think, a fair inference from the evidence, that, as an aid to this sale, they desired to get rid of such weeds and grass thereon, and, as a means to that end, set fire thereto; also that, after said fire had been started, they realized the danger of its spreading to some houses owned by them, and then, and not before, they sought to save their own property.

Complaint is also made as to certain instructions

given, but we find no error in that behalf. The instructions, taken as a whole, fairly state the law of the case. Affirmed.